[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10829
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cr-00052-RWS-JCF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD BRANDON RIDER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 5, 2016)

Before ED CARNES, Chief Judge, TJOFLAT, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Richard Rider pleaded guilty to distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and was sentenced to 144 months imprisonment. He contends that his sentence is substantively unreasonable.

In October 2014 Rider began corresponding with an undercover officer of the District of Columbia Metropolitan Police. Over the course of several days, Rider sent the officer pornographic images of multiple prepubescent children, including eleven images of Rider's own nine-year-old son in the bathtub. The majority of the images of Rider's son were close-up pictures of his son's penis. Rider also told the officer that he had sexually abused his son, and asked the officer for pictures of the officer's daughter. Rider was arrested for sending the images of child pornography and pleaded guilty.

The presentence investigation report (PSR) calculated Rider's base offense level at 22. It increased the offense level because the images involved a minor under the age of twelve (two levels), the offense involved distribution in return for the receipt of a thing of value (five levels), the offense involved the use of a computer (two levels), and the offense involved at least 10 but fewer than 150 images (two levels). Finally, the PSR reduced Rider's offense level three levels based on his acceptance of responsibility, and it calculated a criminal history

2

category of I.  That resulted in a guidelines range of 97 to 121 months imprisonment, followed by supervised release for five years to life.

At the sentence hearing the victim's mother, Heidi Garcia, testified about the impact of Rider's actions on their son.  Garcia stated that when the son first came to live with her after his father's arrest, he appeared traumatized.  He would often hide his face because he was crying, and he would become violent with his older brother.  He was frequently sick, and nearly every night he had nightmares and wet the bed.  Over time his condition improved, and Garcia eventually brought him to counseling.  Through the help of counseling the son revealed some of the trauma that he had been through:  his father had shown him pornographic videos and he had seen his father abuse a little girl.

After Garcia's testimony the government argued for a 180-month sentence, contending that the impact of Rider's actions, charged and uncharged, on his young son warranted an upward variance.  Rider requested a 97-month sentence — the bottom of the guidelines range — contending that he already faced the substantial punishment of losing any contact with his son and that supervised release would be sufficient to protect society after his release.  The court sentenced Rider to 144 months imprisonment with lifetime supervised release.  That sentence

3

was a twenty-three month upward variance from the guidelines range, but was ninety-six months below the statutory maximum.

We review the reasonableness of a district court's sentence for abuse of discretion.  United States v. Irey, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc).  We will vacate a sentence as substantively unreasonable "if, and only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.  Id. at 1190 (quoting United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008)).

Rider contends that his crime did not merit an upward variance because he did not take pictures of a "sexual act" and because he did not intend to widely distribute the images.  Put in § 3553(a) terms, he asserts that the court abused its discretion by not properly considering "the nature and circumstances of the offense."  18 U.S.C. § 3553(a)(1).  But the district court properly accounted for the nature of Rider's actions.  The district court found that Rider's exploiting his own son to produce child pornography justified an upward variance, even if his crimes could, hypothetically, have been even worse.  It found that the impact on Rider's

4

son especially warranted a heavier sentence.  That was not a "clear error in judgment."  The district court did not abuse its discretion.

**AFFIRMED.**